## LOT DAVIS *vs.* ANN MAXWELL.

The rule of the court of common pleas, that a defendant "shall not be permitted to give in evidence any specific and substantive matter of discharge or avoidance of the action, unless he shall have filed a statement in writing, setting forth the matter of his defence," does not apply to an action brought to recover pay for labor, and in which the plaintiff's evidence shows that he contracted to labor for a certain time, for a certain sum, and left the defendant's service without cause, before the expiration of the time.

D. agreed with M. to work on M.'s farm "seven months, at twelve dollars per month." *Held*, that the contract was entire; that eighty four dollars were to be paid at the end of seven months, and not twelve dollars at the end of each month; and that D. on leaving M.'s service, without good cause, before the seven months expired, was not entitled to recover any thing of M.

When, in the opinion of a judge, the evidence which is introduced on a trial, to prove a fact on which a party relies, does not prove such fact, and he is clear that a verdict for such party, founded on such evidence, would be set aside as a verdict against evidence, he may, in his discretion, state to the jury that the evidence is insufficient for the purpose for which it was offered, and advise them to find a verdict accordingly.

ASSUMPSIT, to recover for three months and one day's service rendered to the defendant, on her farm, at twelve dollars per month. Trial in the court of common pleas, before *Merrick,* J. on the general issue, without any specification of defence.

Davis *v.* Maxwell.

The only evidence in the case was the deposition of John Q. A. Street, the defendant's son, which was taken by the defendant and filed, and was used by the plaintiff to prove his claim.

The defendant set up, as a defence, that her contract with the plaintiff was for an entire service for seven months, and that he was not entitled to any wages, because he had not performed his contract.

The material part of the aforesaid deposition was as follows: " Lot Davis came to my mother, Ann Maxwell, on the ninth of April last, [1844,] to hire himself to work on her farm in Waltham, and he said he would sooner work for her at twelve dollars per month, than work on a milk farm for thirteen dollars per month. The bargain was then made for seven months, at twelve dollars per month, and he came to work in the afternoon. After that, I have repeatedly heard him say that he was going to stay with my mother seven months, at twelve dollars a month. He staid with her three months and seven days, having been absent between five and six days during that time. I do not know his motive for leaving; but he told my mother, on the day he left, that he was going to look for work. She replied that there was work enough there for him to do. He then said that if she did not secure his wages to him, he would not work any longer. My mother then went into the house, and he asked me if he could leave his clothes. I told him yes, and he then went away. My mother told him that she should not pay him any wages, if he left." In answer to the plaintiff's question, whether the defendant paid him for his first month's work, the deponent said, "she has paid altogether, I believe, about twelve or thirteen dollars." And in reply to the plaintiff's question, whether he had ever requested the defendant to pay him any thing towards his wages, besides the twelve or thirteen dollars, the deponent said, " I do not know. He had said, repeatedly, that she agreed to pay him five dollars per month; but I did not hear that part of the engagement."

It was admitted by the plaintiff, that the defendant had paid him the sum of twelve dollars and forty five cents.

The plaintiff contended that the defence set up was special, and could not be proved under the general issue, without a written specification; that the evidence showed a contract, on the part of the defendant, to pay the plaintiff twelve dollars at the end of each month's service, and also showed a breach of that contract; and that there was evidence tending to show a special contract, on the part of the defendant, to pay the plaintiff five dollars of his wages at the end of each month, and a breach of that contract.

The judge ruled that the contract, as stated in the deposition, was entire, and could be taken advantage of under the general issue, upon the proof offered by the plaintiff; and that the deposition contained no evidence of a special contract, on the part of the defendant, to pay the plaintiff five dollars at the end of each month.

The jury returned a verdict for the defendant, and the plaintiff alleged exceptions to the judge's ruling.

*F. W. Sawyer*, for the plaintiff. By the 39th rule of the court of common pleas for regulating the modes of trial, "in all civil actions, the defendant shall not be permitted to give in evidence any specific and substantial matter of discharge or avoidance of the action, unless he shall have filed a statement in writing, setting forth, fully and substantially, the matter of his defence." See also the 41st rule.

This case differs from *Stark* v. *Parker*, 2 Pick. 267, where there was a contract for a year's labor, for one hundred and twenty dollars. In the present case, the contract was for twelve dollars per month; that is, twelve dollars at the end of each month. Suppose a contract for twenty years' labor, at one hundred dollars per year. Is nothing due till twenty years have elapsed?

It should have been left to the jury to decide when the payment or payments were to be made; the contract being silent as to the time. See *Thayer* v. *Wadsworth*, 19 Pick. 349.

*Draper*, for the defendant, relied on *Olmstead* v. *Beale*, 19 Pick. 528, and *Stark* v. *Parker*, 2 Pick. 267.

HUBBARD, J.    It is contended, in this case, that the defence was special, and being in avoidance of the contract, could not be given in evidence under the general issue, but should have been set out in writing, as matter of defence, agreeably to the rules of the court of common pleas; and that the judge erred in allowing the defendant to take advantage of it under the general issue.

Admitting the plaintiff to be right in respect to the nature of the defence, and that the defendant, in order to avail himself of it, should have specified it, we are, notwithstanding, clearly of opinion that the plaintiff having, by his own testimony, shown the special contract upon which the defendant relied, the defendant could take advantage of it, in the same manner as if she had set it out fully.    The object of a specification of defence is, to give the plaintiff notice of the defence relied upon, that he may come prepared to answer it ; but where the plaintiff himself makes it a part of his own case, he cannot be prejudiced by want of notice, nor can he deprive the defendant of the use of the testimony which he himself has introduced.

Another objection to the direction was, that the judge gave it in charge to the jury, that the deposition, upon which the plaintiff relied, contained no evidence of a special contract, on the part of the defendant, to pay the plaintiff five dollars at the end of each month ; whereas he should have left it to the jury to decide, upon the evidence, whether the defendant had made such a contract.

It is certainly correct, where there is evidence tending to prove a contract or fact upon which either party relies, that it is the duty of the judge, on the trial, to submit the same to the jury for their decision, whatever his own opinion may be ; and the not doing of it constitutes a proper ground of exception to the charge.    But where the evidence, though uncontradicted, does not, in the opinion of the judge, prove the contract, or point attempted to be established ; or where the

judge is clear that a verdict, founded upon the testimony offered, ought to be set aside, as a verdict against evidence ; in such cases the judge may, at his discretion, state to the jury, that the facts proved do not sustain the contract or point relied upon ; or that the evidence is wholly insufficient for the purpose for which it is offered ; and so advise a verdict in conformity to such opinion. In the present case, on examining the deposition containing the evidence upon which the plaintiff relied as tending to prove the contract set up, we are very clear that it not only does not prove the contract, but that, on objection, it would have been rejected, as the mere declaration of one party offered by himself, and not made in the presence of the other. And we therefore think there is no ground of objection to the charge, on this point.

In regard to the contract itself, which was an agreement to work for the defendant for seven months, at twelve dollars per month, we are of opinion that it was an entire one, and that the plaintiff, having left the defendant's service before the time expired, cannot recover for the partial service performed ; and that it differs not in principle from the adjudged cases of *Stark* v. *Parker*, 2 Pick. 267 ; *Olmstead* v. *Beale*, 19 Pick. 528 ; and *Thayer* v. *Wadsworth*, 19 Pick. 349 ; which we are unwilling to disturb, upon mere verbal differences between the contracts in those cases and in this, which do not affect its spirit.

The plaintiff has argued that it was a contract for seven months, at twelve dollars per month, to be paid at the end of each month. But however reasonable such a contract might be, it is not, we think, the contract which is proved. There is no time fixed for the payment, and the law therefore fixes the time ; and that is, in a case like this, the period when the service is performed. It is one bargain ; performance on one part and payment on the other ; and not part performance and full payment for the part performed. The rate per month is stated, as is common in such contracts, as fixing the rate of payment, in case the contract should be given up by consent, or death or other casualty should determine it before its

expiration, without affecting the right of the party. Such contracts for hire, for definite periods of time, are reasonable and convenient, are founded in practical wisdom, and have long received the sanction of the law. It is our duty to sustain them, when clearly proved.

The rulings and directions of the learned judge, we think, were correct, and the exceptions are overruled.